## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | | |
|---|---|---|
| ERIEN LOIS FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:18-cv-00068 |
| | ) | |
| v. | ) | JUDGE:   George L. Russell, III |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

I.      __INTRODUCTION__

Plaintiff Erien Lois Frazier's claim that Defendant Experian Information Solutions, Inc. ("Experian") willfully violated 15 U.S.C. § 1681g is fatally flawed for two reasons.  The Court should dismiss Plaintiff's Second Amended Complaint ("SAC") with prejudice and enter judgment for Experian.

*First*, Plaintiff lacks standing to sue because the SAC alleges a bare procedural violation of § 1681g divorced from any concrete harm.  Under controlling Fourth Circuit precedent, a plaintiff lacks standing to sue under § 1681g unless the alleged violation made a difference in the fairness or accuracy of her credit report.  Plaintiff alleges that Experian's consumer disclosure lacked information about an outdated federal student loan.  By law, however, that information can no longer be reported to third parties in credit reports.  Nothing in Plaintiff's opposition explains how the failure to disclose a tradeline that cannot be included in her credit report possibly affected the accuracy or fairness of her credit report.

*Second*, even if Plaintiff had standing to sue, the SAC does not plausibly allege that Experian willfully violated § 1681g by contravening clearly established law.  The only relevant guidance interpreting § 1681g holds that consumers are entitled to the information contained in their consumer reports to third parties at the time of the request, not their entire files in whatever form maintained by the CRA.  Since Plaintiff does not allege that information regarding her federal student loan tradeline is being or has been reported to third parties, her claim under § 1681g necessarily fails.  Plaintiff's opposition boils down to a request for this Court to diverge from prior precedent and interpret § 1681g anew.  Because the SAC is limited to a willfulness claim, however, Plaintiff's argument misses the mark.  To establish willfulness, Plaintiff must show that Experian's failure to disclose information about her outdated federal student loan

tradeline violated clearly established law, a showing the SAC and opposition do not remotely make.

## II.    ARGUMENT

### A.    Plaintiff Lacks Standing Because the Second Amended Complaint Does Not Allege a Concrete Injury.

At the threshold, the Court should grant Experian's motion because Plaintiff's allegations and opposition make clear that the SAC claims a mere technical statutory violation that has caused her no real-world harm.

To have standing under the Fourth Circuit's controlling opinion in *Dreher v. Experian Information Solutions, Inc.*, 856 F.3d 337, 346 (4th Cir. 2017), a plaintiff must plausibly allege that the defendant's purported violation of 15 U.S.C. § 1681g(a) made a difference in the fairness or accuracy of her credit report.  As in *Dreher*, Plaintiff's SAC fails to show how receiving a consumer disclosure that included information about "outdated and disputed federal student loans" (ECF No. 32 ¶ 40)—information that Plaintiff does *not* allege "**HAS** been" or is being provided to a third party (*id.* ¶ 47)—"would have made any difference at all in the 'fair[ness] or accura[cy]' of h[er] credit report."  *Dreher*, 856 F.3d at 346.

The SAC alleges that in 2013, Defendant Trans Union LLC was reporting information about an unpaid student loan debt.  *See* ECF No. 32 ¶ 40; *id.* Ex. N (sealed).  According to the information submitted by Plaintiff, the account (initially opened in 2001) became delinquent in July 2007.  *See* Ex. N at TU-000408.  Plaintiff became aware of the negative tradeline at some unspecified date, and disputed the account with Trans Union in 2013.  *See id.*

By law, the FCRA prohibits consumer reporting agencies from making any consumer report that contains accounts placed for collection, or any other adverse item of information, which antedate the report by more than seven years.  15 U.S.C. § 1681c(1), (4)-(5).

Accordingly, information about the delinquent student loans should not have appeared on any consumer report to a third party after July 2014, at the latest.

According to Plaintiff, Experian violated § 1681g(a)(1) because the consumer disclosures that it provided to her in 2016 and 2017 did not include information about her outdated student loans.  ECF No. 32 ¶ 40.  Plaintiff, however, does not explain, either in her SAC or opposition to dismissal, how the fairness or accuracy of her credit report—which, by law, *cannot* include information about her outdated loans—was impacted in any way by Experian's alleged failure.  Given that the FCRA prohibits Experian from including such outdated information on her credit reports—indeed, Plaintiff is clear that she is making no claim Experian has provided such information on credit reports to third parties (ECF No. 32 ¶ 47)—it defies logic why Plaintiff alleges she required that outdated information to ensure the accuracy or fairness of her credit reports.

Rather than explain how she has standing under the Fourth Circuit's controlling standard, Plaintiff invokes the Ninth Circuit's decision in *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017), decided after remand from the Supreme Court.  But the difference between Plaintiff's allegations and the facts of that case only underscore why standing is absent here.  In *Robins*, the plaintiff alleged that a credit reporting agency failed to follow reasonable procedures to assure maximum possible accuracy of the information in his credit report, in violation of 15 U.S.C. § 1681e(b), and that, as a result, the agency published a report that falsely stated his age, marital status, wealth, education level, and profession.  *Id.* at 1111.

The Ninth Circuit emphasized that "even when a statute has allegedly been violated, Article III required such violation to have caused some real—as opposed to purely legal—harm to the plaintiff."  *Id.* at 1112.  Yet the plaintiff's allegation that the credit reporting agency

prepared an inaccurate report, and published the report on the Internet, clearly implicated the plaintiff's "concrete interests in truthful credit reporting." *Id.* at 1116.

Unlike in *Robins*, Plaintiff does not allege that Experian is providing inaccurate information about her student loans to third parties. And because such outdated information makes no difference in the fairness or accuracy of Plaintiff's credit reports, Experian's purported failure to provide a credit disclosure with this outdated information cannot implicate her interests in truthful credit reporting.

As in *Dreher*, Plaintiff "is left with a statutory violation divorced from any real world effect." 856 F.3d at 346. This is the quintessential no-injury claim that *Dreher* forbids federal courts from entertaining.

**B.     The Second Amended Complaint Fails to State a Claim that Experian Willfully Violated the Fair Credit Reporting Act.**

In any event, even if Plaintiff had standing to sue, the SAC fails to state a claim for willful violation of 15 U.S.C. § 1681g(a)(1).

Because the SAC is limited to the claim that Experian *willfully* violated § 1681g(a)(1), Plaintiff bears the burden of alleging and proving that Experian was objectively unreasonable because it violated clearly established law. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-70 (2007). The SAC's allegation that Experian violated § 1681g(a)(1) because it failed to include information about outdated student loans on her consumer disclosure falls well short of the heightened willfulness standard. Indeed, no court has held that § 1681g(a)(1) requires CRAs to include on a consumer disclosure outdated tradeline information that is no longer reported to third parties on a credit report.

To the contrary, "the only relevant guidance" interpreting § 1681g(a)(1) dictates "that consumers are entitled to 'complete copies of their consumer reports, not their entire files in

whatever form maintained by the CRA.'" *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 761 (9th Cir. 2018) (quoting *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)). Further, the plain terms of § 1681g limit a CRA's disclosure to information in the consumer's file—*i.e.*, information included in a consumer report—"at the time of the request." *See, e.g.*, *Eller v. Experian Info. Sols., Inc.*, 2011 WL 3365513, at *7 (D. Colo. Aug. 2011) (holding that § 1681g only required production of credit report at the time of the request, not information contained on previous credit reports).

Under this authority, Experian's alleged failure to include outdated federal loan information in Plaintiff's consumer disclosure does not state a violation of § 1681g.[1]  Plaintiff does not allege that Experian is presently reporting or has reported her outdated student loans in credit reports to third parties.  Indeed, the SAC concedes that Plaintiff "clearly is not making any claim regarding information that **HAS** been provided to a third party that she is aware of."  ECF No. 32 ¶ 47.

Plaintiff characterizes *Gillespie* and *Shaw* as "muddled and argued inappropriately." ECF No. 37 at 7.  That argument, however, ignores that because Plaintiff's claim depends on showing that Experian acted willfully, the question is not simply whether *Gillespie* and *Shaw*

---

[1] Although "outdated and disputed federal student loans" is the only category of information identified in the SAC as missing from Experian's consumer disclosure (ECF No. 32 ¶ 40), Plaintiff attaches an exhibit to her opposition, claiming it contains additional "information that should have been disclosed by Defendant."  ECF No. 37 at 4.  Experian cannot discern the meaning of Plaintiff's new argument.

The exhibit to Plaintiff's opposition appears to show that LexisNexis® obtained Plaintiff's address and birth date information from Experian, among others.  *See* ECF No. 37-1. But Experian's consumer disclosure to Plaintiff shows that LexisNexis® has requested information about Plaintiff from Experian.  *See* ECF No. 24-3 Ex. D (sealed) at 8.  And the Maryland address and birth year that apparently was provided to LexisNexis® appear on the same consumer disclosure.  *Id*. at 9.  So it is unclear what information Plaintiff believes was missing from her consumer disclosure.

were correct, but whether Experian violated clearly established law.  Cases like *Gillespie* and *Shaw* prove that Experian did not.

Certainly, the cases upon which Plaintiff relies do not demonstrate willfulness, as *none* of them addressed the question presented here.  Plaintiff invokes *Nunnally v. Equifax Information Services, LLC*, 451 F.3d 768 (11th Cir. 2006), in which the Eleventh Circuit considered whether a CRA must provide a consumer with his complete file following a reinvestigation of disputed items in his credit history.  *Id.* at 770 (citing 15 U.S.C. § 1681i(a)(6)(B)(ii)).[2]  In that case, the credit reporting agency provided the plaintiff with a summary letter limited to highlighting discrete changes made to the plaintiff's file post-dispute—far less than Experian provided to Plaintiff in this case.  *See id.* at 776; ECF No. 24-3 Ex. D (sealed).  The court recognized that, whereas § 1681g requires disclosure of "[a]ll information in the consumer's file" at the time of the request, § 1681i only requires providing a "consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation."  *Nunnally*, 451 F.3d at 773-74.  Because a "consumer report" is defined to mean "*any* written, oral, or other communication" of information bearing on a consumer's credit worthiness, and § 1681i modifies the "consumer report" to one "based on the file as that file is revised," a summary letter limited to changes made as a result of the reinvestigation is sufficient.  *Id.* at 776 (emphasis in original).

In short, *Nunnally* held that, following a reinvestigation, the CRA need only inform consumers of the changes made to their file as a result of the reinvestigation, and need not provide a more fulsome disclosure that contains other information.  *See id.* at 776.  Critically,

---

[2] Section 1681i requires CRAs to conduct a reasonable reinvestigation if the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer, and provides that a CRA must provide written notice of the reinvestigation's results, which shall include "a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation."  15 U.S.C. § 1681i(a)(6)(B)(ii).  Plaintiff has not stated a claim under § 1681i in this case.

however, *Nunnally* never considered the type or extent of information that must be disclosed under § 1681g(a)(1)—the FCRA provision under which Plaintiff's claim arises in this case—or whether CRAs must disclose more information than is provided in a consumer report at the time of the consumer's request, as *Shaw* and *Gillespie* held.  Accordingly, *Nunnally* cannot stand in as the clearly established law required to state a willfulness violation.[3]

Plaintiff also relies upon *Clements v. Trans Union LLC*, 2018 WL 4519196 (S.D. Tex. Aug. 29, 2018), in which consumers claimed the CRA was reporting old and obsolete information beyond the statutory period.  The court explained that although 15 U.S.C. § 1681c prohibits CRAs from reporting certain information in a credit report after seven years (*i.e.*, in a report to third parties), there is no requirement in the FCRA that a CRA remove outdated information from its own file, as was the case there.  *Id.* at *7.

Nothing in *Clements*—which postdates the complained-of activity in this case—clearly establishes that § 1681g(a) requires CRAs to provide consumers with a disclosure that includes outdated tradeline information no longer reported to third parties.  *Clements* holds that a CRA *may* retain outdated information about a consumer—just as it may retain a purge date (*Gillespie*, 482 F.3d at 908) or account codes (*Shaw*, 891 F.3d at 760)—but it does not answer the question whether a CRA *must* disclose such information when a request is made under § 1681g.  Only cases like *Shaw* and *Gillespie* answer that question, making clear that § 1681g does not require CRAs "to disclose more than the information in their consumer reports."  *Gillespie*, 482 F.3d at 909.

---

[3] Plaintiff relies on *Alston v. Branch Banking & Trust Co.*, 2016 WL 4521651 (D. Md. Aug. 26, 2016), which similarly was limited to the question whether § 1681i(a)(6)(B) requires more than a short explanation that no changes were made to a tradeline as a result of the CRA's investigation.  *See id.* at *11.  *Alston* is inapposite for the same reason as *Nunnally*.

Finally, Plaintiff relies on a paragraph from the FTC's 2011 staff report stating that a CRA must make a "consumer disclosure regardless of whether it designates its records as 'files' or 'archives' or use any other terminology for the information it retains on a consumer." ECF No. 37 at 4. Under that guidance, a CRA cannot "archive" its files and refuse to provide a consumer disclosure on that ground. But there is no dispute that Experian *did* provide Plaintiff with a consumer disclosure. The only question is whether, as Plaintiff alleges, that consumer disclosure was required to include outdated federal student loan information. The FTC guidance relied upon by Plaintiff speaks to *whether* a CRA must respond to a disclosure request, not *what* that disclosure must include.

In essence, Plaintiff's argument boils down to the position that this Court should disregard prior cases interpreting the scope of disclosure required by § 1681g because a full-file disclosure ought to include more than what is reported to third parties on a credit report. It is not enough, however, for Plaintiff to argue that cases like *Gillespie* and *Shaw* were wrongly decided. To prove that Experian acted willfully, Plaintiff must show that clearly established law affirmatively required Experian to include outdated information in her disclosure, even though it was not being reported to third parties at the time of the request. On this determinative issue, Plaintiff's arguments fall well short. The *only* relevant guidance available in 2016 and 2017 when Experian provided Plaintiff's disclosures to her made clear that § 1681g does not require CRAs to disclose more than the information in a consumer's credit reports. Since Plaintiff does not allege that her consumer disclosure lacked information provided to third parties in credit reports at the time of her request, her willfulness claim necessarily fails.

## III.   <u>CONCLUSION</u>

For these reasons, the Court should dismiss Plaintiff's SAC with prejudice and enter judgment in Experian's favor on Plaintiff's FCRA claim.

Dated:  February 8, 2019                    Respectfully submitted,

  /s/ *Jon G. Heintz*

Jon G. Heintz (D. Md. Bar No. 13001)
JONES DAY
51 Louisiana Ave., NW
Washington, D.C. 20001
T: (202) 879-3819
jheintz@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed on February 8, 2019, with the

Court via the CM/ECF system, causing it to be served on all CM/ECF users.  In addition, a copy

of the foregoing was sent via mail and email to Plaintiff at the physical address and email

address listed below:

> Erien Lois Frazier
> P.O. Box 25
> Hagerstown, MD 21741
> erienfrazier@gmail.com

Dated:  February 8, 2019                                 Respectfully submitted,

                                                           /s/ *Jon G. Heintz*

                                                        Jon G. Heintz (D. Md. Bar No. 13001)
                                                        JONES DAY
                                                        51 Louisiana Ave., NW
                                                        Washington, D.C. 20001
                                                        T: (202) 879-3819
                                                        jheintz@jonesday.com

                                                        *Counsel for Defendant*
                                                        *Experian Information Solutions, Inc.*